UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN THOMPSON and | ) | |
| ZELLA THOMPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-0020-TAB-JDT |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.      Introduction.**

Winter evenings in Indiana can be cold and nasty, and January 18, 2004 was no exception.  On that date, Plaintiff John Thompson drove to Defendant's Marion, Indiana Wal-Mart store.  Thompson got out of his pickup truck and slipped on ice in Defendant's parking lot.  Thompson broke his toe and injured his shoulder, which required surgery.  Thompson claims in this lawsuit that Defendant's negligence caused his injuries.  Defendant denies that it was negligent and asserts that the undisputed facts entitle it to judgment as a matter of law.  For the reasons set forth below, the Court concludes that a jury must resolve this dispute, and therefore Defendant's motion for summary judgment [Docket No. 23] is DENIED.

**II.     Summary Judgment Standard.**

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Abrams v. Walker*, 307 F.3d 650, 653 (7th Cir. 2002), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must construe all facts and draw all reasonable inferences in a light most favorable to the non-moving party. *Rising-Moore v. Red Roof Inns, Inc.*, 368 F. Supp. 2d 867, 872 (S.D. Ind. 2005), *aff'd*, 435 F.3d 813 (7th Cir. 2006).

Indiana negligence claims "are particularly fact sensitive and are governed by a standard of the objective reasonable person - one best applied by a jury after hearing all of the evidence." *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004). Hence, summary judgment in these types of negligence actions is "generally seen to be inappropriate." *Perkins v. Lawson*, 312 F.3d 872, 876 (7th Cir. 2002).

**III.     Background.[1]**

On January 18, 2004, at approximately 6:45 a.m., Wal-Mart manager Chris Akin examined the parking lot surface of Defendant's Marion, Indiana Wal-Mart store. [Def.'s Interrog. Resp. Nos. 4-8.] Conducting this examination from his vehicle, Akin took note of

---

[1] Although not raised by Defendant in its reply, Thompson disregards the requirements of Local Rule 56.1. In his brief, Thompson mirrors Defendant's facts, and he designates a very cursory section labeled "Statement of Undisputed Material Facts," which adds very little to his brief. What Thompson does not do, as he is required to by L.R. 56.1, is designate a "Statement of Material Facts in Dispute" that is responsive to the movant's asserted material facts. While L.R. 56.1 does not mandate a non-moving party to respond to each and every fact, point by point, proffered by a movant, it does require that the non-moving party submit potentially determinative facts and identify factual disputes which the nonmoving contends preclude summary judgment. L.R. 56.1(e) warns a non-movant that uncontroverted facts, properly supported by admissible evidence, will be assumed admitted by the Court. Accordingly, the Court assumes admitted those facts proffered by Defendant that are supported by admissible evidence and not disputed by Thompson.

nothing unusual or unreasonably dangerous about the conditions in the parking lot. [*Id*.] There is no evidence that Defendant monitored or took any action to clear the lot of any hazardous conditions after Akin performed his examination and before Thompson fell.[2] [*Id*.]

At approximately 8 p.m., Thompson drove his pickup truck through "cold and nasty" weather to Defendant's Marion store. [Thompson Dep. pp. 14, 15, 18.] "Misty snow" prompted Thompson to use his windshield wipers as he traveled. [Thompson Dep. p. 19.] Upon entering Defendant's parking lot, Thompson observed that: (1) the lot had been plowed for snow; (2) the remaining snow had been pushed into piles, (3) some snow had accumulated but it did not cover the entire lot; and (4) the parking lot was a "little slick." [*Id*. at pp. 23, 29, 30.] Thompson's truck slid slightly as he drove across the parking lot. [*Id*. at p. 23.] He did not observe any salt or sand in the parking lot area. [*Id*. at p. 30.]

Thompson selected a parking spot approximately 15 feet from the Wal-Mart entrance, parked, and on his first step out of the truck "bam, down [he] went." [*Id*. at pp. 18-21, 23, 30, 32.] Thompson's truck was modified with a "lift kit," elevating the truck's passenger compartment an additional four inches from the ground. [*Id.* at p. 32.] To exit his truck, Thompson placed his left foot on a round tube rail on the side of his truck and held on to his truck door before he "jumped" or "stepped" down with his right foot. [*Id*. at. pp. 32-33.] When Thompson's right foot slid forward and out from under him, his left foot came off of his

---

[2] Defendant contends that its "management and associate team carefully . . . monitor[ed] the condition of the parking lot throughout the day." [Docket No. 31, p. 4.] However, the evidence Defendant cites to support this statement shows that "records are not kept of this monitoring, so it is impossible to state when the last monitoring was performed prior to" Thompson's fall. [*See*, Def.'s Interrog. Resp. Nos. 4-8.] Construing this evidence in a light most favorable to the non-moving party as it must do, the Court can conclude only that Defendant's store has a policy to monitor, not that it was actually done that day.

truck. [*Id.* at pp. 35-36.] When asked during his deposition if he "had seen any ice on the ground," Thompson stated: "I didn't even look. I didn't pay attention. I just -- I just got out of my truck . . . and the next thing you know, I'm picking myself up off the parking lot." [*Id.* at p. 35.] Thompson believes he fell on ice because "it was slick right there." [Docket No. 28, Attachment No. 2, p. 5.][3]

No one witnessed Thompson fall in the parking lot. [*Id.* at pp. 36, 37.] As a result of the fall, Thompson broke his toe and tore his rotator cuff, which required surgery. [Thompson Dep. pp. 39-50.]

## IV.     Discussion.

Thompson alleges that Wal-Mart was negligent by: (1) failing to properly maintain the parking lot; (2) failing to keep the parking lot safe for use by invitees; (3) failing to adequately warn Thompson of dangerous conditions known to Wal-Mart; and (4) failing to properly remove ice from the parking lot. [Pls.' Compl. ¶ 9.] Defendant asserts that it is entitled to summary judgment because it did not breach its conceded duty to Thompson, or in the alternative, because Thompson's apportionment of fault can be assessed at greater than 50%, thus foreclosing any damages recovery. The Court addresses each of these arguments in turn.

### 1.     Breach of duty.

To overcome summary judgment on his Indiana negligence claim, Thompson must raise a triable issue of fact that: (1) the Defendant owed him a duty; (2) the Defendant breached that duty, and (3) the breach was the proximate cause of his injuries. *Winchell v. Guy*, 2006 WL 3501003 at *1 (Ind. Ct. App. Dec. 6, 2006), *citing Dennis v. Greyhound Lines, Inc.*, 831 N.E.2d

---

[3] Defendant does not challenge Thompson's belief that ice caused him to slip and fall.

171, 173 (Ind. Ct. App. 2005). In this matter, Defendant concedes that Thompson was an invitee, and that Defendant owed him a duty to exercise reasonable care for his protection while he was on Defendant's property. [Docket No. 24, p. 4.] However, Defendant contends that the undisputed facts show that it did not breach its duty as a matter of law. [*Id*.]

Defendant premises its theory on Indiana Pattern Jury Instruction 25:11. This instruction is derived from *Burrell v. Meads,* 569 N.E.2d 637*,* 639-40 (Ind. 1991)*,* in which the Indiana Supreme Court employed Restatement (Second) of Torts § 343 to best define the duty a landowner owes to an invitee on its property:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that the condition involves an unreasonable risk of harm to such invitees;
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect the invitee(s) against the danger.

*Id.* Defendant posits that Thompson's awareness of the ice in its parking lot, and the fact that he "jumped" down from his truck, preclude Thompson from meeting the second prong of this definition.[4]

While at first blush Defendant's contention might be compelling, it is not ultimately sufficient to warrant summary judgment. The main flaw in Defendant's reasoning is that, without any legal support, it improperly shifts emphasis away from what the *owner should*

---

[4] Defendant appears to concede that the first and the third prongs raise triable issues. [Docket No. 31, p. 2.] Even if it hadn't, whether Defendant took reasonable steps to inspect and clear the parking lot of hazardous conditions during the day is a disputed issue of fact in this case. Thus, the Court finds no utility in discussing these prongs further.

*expect* and focuses on the invitee's subjective awareness of the risk at hand. The Court is not convinced that this is a correct interpretation of § 343. In fact, *Rising-Moore* -- the lone case cited by Defendant in support of its proposition -- did not arrive at the conclusion that no breach had occurred on the basis of the invitee's knowledge regarding the injurious condition. Rather, the court found that the premises owner had not breached its duty where only 5-20 minutes had elapsed from the onset of the injurious conditions, and the first notice of these conditions was plaintiff's fall. *Rising-Moore*, 368 F. Supp. 2d at 874-75. Thus, it was the first and third prong of the Restatement -- not the second -- that made a difference in *Rising-Moore*.

Moreover, on appeal of *Rising-Moore*, the Seventh Circuit elaborated that the only way the premises owner could incur liability under the facts presented was if a "duty of continuous monitoring and clearing during a winter storm" existed, a duty which the court did not find exists in Indiana. *Rising Moore*, 435 F.3d at 817. Had Thompson fallen immediately after the onset or soon after the cessation of a snow or ice storm, *Rising-Moore* might carry more persuasive punch. Under the facts of this case, however, it is not compelling.

Thompson was not particularly responsive to Defendant's contentions. However, Defendant has not demonstrated to this Court's satisfaction that no genuine issues of material fact exist regarding whether Defendant should have expected that Thompson would not discover or realize the danger, or would have failed to protect himself against the danger. *See Smith v. Baxter*, 796 N.E.2d 242, 245-46 (Ind. 2003) (interpretation of evidence, including testimony that plaintiff knew everything there was to know about a ladder which caused him to fall, was "properly left to the sound judgment of the jury"). Accordingly, Defendant is not entitled to summary judgment on this basis.

### 2. Comparative fault.

The Indiana Comparative Fault Act bars recovery to plaintiffs whose fault compared with other defendants exceeds 50%. Ind. Code § 34-51-2-6(a). "Fault apportionment under the Comparative Fault Act is uniquely a question of fact to be decided by a jury, unless there is no evidentiary dispute and the factfinder is able to come to only one logical conclusion." *Horine v. Homes by Dave Thompson*, LLC, 834 N.E.2d 680, 685 (Ind. Ct. App. 2005).

Defendant argues that the "undisputed facts indicate that Thompson's lack of judgment in jumping down from his elevated Dodge Ram pickup truck was the cause of his injuries." [Docket No. 24, p. 5.] Yet, as Thompson points out, there is a material, disputed issue of fact concerning what Thompson meant when he stated he "jumped" out of his truck.[5] [Docket No. 28, p. 5.] This statement is subject to multiple interpretations. Indeed, Thompson explained in his deposition that, to exit his truck, he placed his left foot on a round tube rail on the side of his truck and held on to his truck door before he "stepped" out of the vehicle with his right foot. [Thompson Dep. pp. 32-33.] A jury could reasonably find Thompson's use of the term "jump" to have either the literal meaning urged by Defendant or the more colloquial interpretation as explained by Thompson.

Based on the record before the Court, whether Thompson was at fault for his own injuries and to what extent he may have been at fault are determinations best left for a jury. Although a jury may indeed find that Thompson's fault for his injuries exceeds 50%, such a conclusion is not inevitable. Accordingly, the Defendant is not entitled to judgment as a matter of law on this

---

[5] The Court concurs with Defendant that Thompson used the term "jumped" in relation to how he exited his vehicle on at least two occasions, but does not find here that the number of times Thompson used this term to be outcome determinative.

theory.

**V.      Conclusion.**

The record before the Court presents triable issues of fact concerning whether Defendant breached its duty of care to Thompson and to what extent Thompson can be apportioned fault for his own injury. These genuine issues of fact preclude summary judgment in Defendant's favor, and Wal-Mart's motion for summary judgment [Docket No. 23] is denied. This case remains set for a final pretrial conference on **January 10, 2007** and for trial by jury on **January 23, 2007**. Absent settlement, counsel should expect to try this case as scheduled, and the Court likewise expects compliance with the CMP provisions for pretrial filings.

Dated:    12/19/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Court Reporter

Thomas L. Davis
LOCKE REYNOLDS LLP
tdavis@locke.com

E. Frank Welke
PO Box 594
Kokomo, IN 46903-0594